UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **FELIX REYES DE LEON** <br> **FED. REG. #26343-069** | DOCKET NO.1:10-cv-0176; SEC. P |
| **VERSUS** | JUDGE TRIMBLE |
| **OFFICER SHANNEN** | MAGISTRATE JUDGE KIRK |

**IMPORTANT NOTICE**: COURTESY COPIES OF DOCUMENTS YOU FILE SHOULD **NOT** BE PROVIDED TO ANY JUDGE. ALL COMMUNICATIONS WITH THE COURT SHALL **ONLY** BE THROUGH DOCUMENTS FILED WITH THE CLERK OF COURT.

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Felix Reyes-De Leon, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) on January 29, 2010. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary, Atwater, California, but he claims that he was denied his right of access to the courts while he was incarcerated at the United States Penitentiary, Pollock, Louisiana (USP-POL) in July 2008. Plaintiff sued a single defendant, Corrections Officer Shannen, and prayed for damages of $14,000 or $1,000.00 for each day he was denied access to his legal papers while confined in the Special Housing Unit (SHU) at USP-POL. This matter has been referred to the undersigned for review, report, and recommendation in accordance

with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

## Background

Plaintiff is an inmate in the custody of the BOP. He is serving the 324 month sentence imposed on August 30, 2005 by the United States District Court for the District of Puerto Rico following his conviction on drug related offenses. See United States v. Felix Reyes-De Leon, No. 3:03-cr-00081 (U.S.D.C. - Puerto Rico) at Doc. #995. Following his conviction, appellate counsel was appointed and plaintiff appealed his conviction and sentence to the United States First Circuit Court of Appeals. On September 8, 2008 his conviction and sentence were affirmed. See United States v. Cruz-Rodriguez and Reyes-De Leon, 541 F.3d 19 (1st Cir. (Puerto Rico) 2008).

Meanwhile, on July 8, 2008, plaintiff was confined to the SHU at USP-POL. On July 11, 2008 Officer Shannen gave plaintiff his property "but refuse to give me my legal paper." On July 14, 2008 plaintiff claims he "received a letter by regular mail from Boston about my case on appeal."

Plaintiff requested access to his "legal papers" on July 16, 2008 but Shannen advised that he could have some, but not all of the documents requested because of fire regulations. Finally, on July 22, 2008 at 6:25 p.m., Officer Shannen "came with a car with

2

my legal papers on it and he gave me part of my papers but he didn't give me what I needed ... just part of it."

On July 23, 2008 plaintiff submitted an informal grievance or BP-8 to prison authorities. He stated, "... on July 14, 2008 I received a motion by regular mail from the Court of Appeals from Boston and because I didn't have my legal papers I couldn't send out what the court was asking me for..." According to plaintiff, he was denied the documents "... for the reason of a fire accident." He concluded his grievance as follows, "... by Officer Shannen's action I could of lost my appeal and for the action above I want to be reward monetary..." [Doc. #1, pp. 6-7]

His grievance was answered. Prison authorities denied that plaintiff was denied all access to his legal work. Instead, plaintiff was advised that he could have some but not all and that he could exchange the papers as needed. Plaintiff appealed to the Warden on August 21, 2008-

> I got a letter from the court of appeals in Boston, where they are telling me that they had not receive a legal paper I sent to them on 7/8/08 and because of Officer Shannen I could not send the court a copy of that legal paper since it was in my property. My counselor K. Francis hand me a copy of the court where it's letting know that Boston received my legal paper, but what would of happen if the legal paper would of got lost or never got to the court. I would of lost my right to appeal. [Doc. #1, pp. 9-10]

Warden Keffer rejected plaintiff's grievance on September 19, 2008 as follows:

An investigation into your complaint revealed that you

> were not denied the right to your legal work as you allege. Space is limited in the cells, therefore, you were given one (1) cubic foot of legal paperwork and when you requested additional documents you were informed you must trade what you had in your possession, and you refused. However, when the SHU Lieutenant explained to you that you would have to trade the legal work you had in order to receive additional documents, you complied. There is no evidence to substantiate your allegations that your rights were violated or that you suffered any irreparable harm. [Doc. #1, p. 12]

Plaintiff's subsequent appeal to the Regional Administrator of the BOP plaintiff confirmed that the period of time he was unable to access his documents was not more than 14 days. [Doc. #1, p. 13] His Regional appeal was denied on October 20, 2008. [Doc. #1, p. 15] Plaintiff apparently did not appeal to the Central Office,[1] but instead submitted an Administrative Tort Claim to the Bureau of Prisons.[2] On October 21, 2009 his claim was rejected as follows, "...investigation could not establish that you experienced an injury due to the negligent act or omission of a [BOP] employee..." [Doc. #1, pp. 16-17]

Plaintiff filed the instant complaint on January 29, 2010.

---

[1] Plaintiff's failure to complete the 3-step administrative remedies procedures of the BOP would also be fatal to his claim. In the event plaintiff objects to this Report and Recommendation, he should offer proof that he exhausted all administrative remedies prior to filing suit, or, in the alternative, he should demonstrate that he is exempt from the exhaustion requirement.

[2] Plaintiff has not suggested that the instant complaint was filed pursuant to the Federal Torts Claims Act (FTCA)(28 U.S.C. §2672, et seq.); indeed, plaintiff utilized the form for filing civil rights complaints in this Court, and, he named Officer Shannen as his sole defendant and not the United States as would be required in a FTCA complaint.

### Law and Analysis

#### 1. Screening

Plaintiff has been allowed to proceed *in forma pauperis*. When a prisoner sues an officer or employee of a governmental entity in a civil rights complaint, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see, Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint.

Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe in forma pauperis complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

Plaintiff's complaints and exhibits provide the facts necessary to conduct and conclude a preliminary screening pursuant to §1915. No further amendment or supplementation of the record is necessary.

### 2. Access to the Courts

Plaintiff claims that he was denied his right to access the

courts during the fourteen day period he was confined in the USP-POL SHU. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir.1999). See Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." Id. (citing Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." Brewer v. Wilkinson, 3 F.3d at 821; Lewis v. Casey, 518 U.S. at 351, 116 S.Ct. at 2179-81; Norton v. Dimazana, 122 F.3d at 290; and Eason v. Thaler, 73 F.3d 1322, 1329 (5th Cir.1996). Here, plaintiff implies that he was inhibited in his ability to transmit some unspecified document to the United States First Circuit Court of Appeals. Of course, as shown above, plaintiff was represented by counsel on appeal. He does not explain why his appellate

attorney was unable to supply the document allegedly needed by the First Circuit. In any event, it appears that plaintiff was merely inconvenienced; he has not shown a denial of access that was anything more than *de minimis*.

Nevertheless, and giving plaintiff the benefit of the doubt, in order for plaintiff to state a claim that he was denied his constitutional right of access to the courts, he must "... demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354.

Plaintiff has not shown that he sustained any actual injury resulting from the circumstances he complained about. Indeed, in his informal grievance he alleged, "... by Officer Shannen's action I could of lost my appeal and for the action above I want to be reward monetary..." [Doc. #1, pp. 6-7] Then, in his formal request for administrative remedy he alleged "My counselor K. Francis hand me a copy of the court where it's letting know that Boston received my legal paper, but what would of happen if the legal paper would of got lost or never got to the court. I would of lost my right to

appeal." [Doc. #1, pp. 9-10] Thus, it appears that the document in question was ultimately tendered and received in a timely fashion by the Court of Appeals. The record reveals no injury or other prejudice experienced by the plaintiff as a result of the circumstances complained of. Accordingly, Plaintiff's access to court claim should be dismissed as frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana  *May 24*, 2010.

                                                JAMES D. KIRK
                                                UNITED STATES MAGISTRATE JUDGE